RECEIVED
IN ALEXANDRIA, LA.

JAN 13 2010

TONY R. MOORE, CLERK
BY_____
       DEPUTY

**UNITED STATES DISTRICT COURT**

**WESTERN DISTRICT OF LOUISIANA**

**ALEXANDRIA DIVISION**

| | |
|---|---|
| **RAYMOND BONECUTTER** | **DOCKET NO. 09-CV-453; SEC. P** |
| **VERSUS** | **JUDGE DEE D. DRELL** |
| **TIM WILKINSON, ET AL** | **MAGISTRATE JUDGE JAMES D. KIRK** |

## REPORT AND RECOMMENDATION

Before the court is the *pro se* civil rights complaint (42 U.S.C. § 1983) of Plaintiff Raymond Bonecutter. Bonecutter is an inmate in the custody of the Louisiana Department of Public Safety and Corrections, and is currently housed at the Elayn Hunt Correctional Center (HCC), in St. Gabriel, Louisiana. Plaintiff names as defendants Dr. Pacheco, Warden Wilkinson, Pat Thomas, and the medical staff of Winn Correctional Center (WCC). Plaintiff claims that he was denied medical treatment at WCC in violation of his constitutional rights.

## LAW AND ANALYSIS

Federal Rules of Civil Procedure Rule 41(b) permits dismissal of claims "for failure of the plaintiff to prosecute or to comply with ... any order of court...." The district court also has the inherent authority to dismiss an action sua sponte, without motion by a defendant. Link v. Wabash R.R.Co., 370 U.S. 626, 630-31 (1962). "The power to invoke this sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the [d]istrict [c]ourts."

McCullough v. Lynaugh, 835 F.2d 1126, 1127 (5th Cir. 1988).

Plaintiff was ordered to amend his complaint on September 15, 2009. [Doc. #5] Plaintiff's amended complaint was due by October 19, 2009. Because Plaintiff has not responded to the Court's Order, and because the time for filing Plaintiff's response has long expired, **IT IS RECOMMENDED** that Plaintiff's civil rights complaint be **DISMISSED** in accordance with the provisions of FRCP Rule 41(b).

## OBJECTIONS

**Under the provisions of 28 U.S.C. Section 636(b)(1)(c) and Rule 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy of any objections or response to the district judge at the time of filing.**

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. See Douglass v. United Services Automobile Association, 79 F.3d 1415**

(5th Cir. 1996).

Thus done and signed at Alexandria, Louisiana, this ____ day of _____, 2010.

_____
JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE